UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVION WOODS,

Petitioner,

Case No. 26-11862
Honorable Shalina D. Kumar
Magistrate Judge David R. Grand

v.

UNITED STATES OF AMERICA,

Respondent.

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. §
2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

The petitioner, Javion Woods ("Woods"), incarcerated at the Federal
Correctional Institution in Milan, Michigan (FCI-Milan), filed a *pro se* habeas
petition pursuant to 28 U.S.C. § 2241. Woods challenges the Bureau of
Prisons' (BOP) refusal to apply his earned time credits under the First Step
Act (FSA) toward early release to pre-release custody. For the reasons
stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C.
§ 2241 is summarily denied.

## I.     Background

Woods pleaded guilty in the United States District Court for the
Northern District of Indiana to one count of Distribution of a Controlled
Substance, 40 grams or more of Fentanyl and 10 grams or more of a

1

Fentanyl Analogue, in violation of 21 U.S.C. § 841 (a)(1). He was sentenced to seventy months in prison and a five-year term of supervised release. *See United States v. Woods,* 22-cr-00029 (N.D. Ind.). [1]

Woods has now filed a petition for writ of habeas corpus. In his petition, Woods claims that the BOP has wrongly denied him earned time credits (FTCs) under the First Step Act. He argues that his conviction for distribution of a Fentanyl Analogue is not an offense that would disqualify him under federal law from receiving earned time credits.

## II.     Standard of Review

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A

---

[1] This Court obtained some of the information regarding Petitioner's conviction and sentence from the website for the United States District Court for the Northern District of Indiana. https://innd-ecf.sso.dcn/doc1/07115936428. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014). This Court is permitted to take judicial notice of companion criminal cases in a Petitioner's case. *See e.g. United States v. Rigdon,* 459 F.2d 379, 380 (6th Cir. 1972).

federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted).

### III.    Discussion

The instant petition is facially insufficient to grant habeas relief and is subject to summary dismissal. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Eligible federal inmates – those whose convictions do not exclude them from receiving First Step Act benefits – may earn FTCs. An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if (1) his or her recidivism-risk rating is minimum or low, and (2) his or her risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); *See also* 28 C.F.R. § 523.42(c)(2). A federal prisoner may lose earned FTCs for violating the requirements or rules of these programs, or as a sanction for a prohibited act. 28 C.F.R. § 523.43(a).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, essentially shortening their sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

As an initial matter, inmates have no right under the Constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett,* 980 F.2d 1059, 1062

4

(6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

"Courts that 'have considered the issue have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act.'" *Fontanez v. Rardin*, 2024 WL 1776338, at * 3 (E.D. Mich. Apr. 24, 2024) (quoting *Sedlacek v. Rardin*, 2024 WL 965607, at * 2 (E.D. Mich. Mar. 5, 2024)); *See also See Cheng v. United States*, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024) (Taiwanese prisoner subject to removal under the immigration laws did not have a liberty interest in receiving FSA credits); *White v. Warden*, 2023 WL 4867562, at * 10 (D. Md. July 31, 2023) (prisoner "did not have a liberty interest in the opportunity to earn" FSA time credits); *Fiorito v. Fikes*, 2022 WL 16699472, at * 6 (D. Minn. Nov. 3, 2022) ("the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest"); *Gant v. King*, 2023 WL 6910771, at * 3 (D. Minn. Oct. 19, 2023) ("prisoners do not have a protected liberty interest in the application of FSA time credits"); *Mars v. Heisner*, 2023 WL 4977335, at * 7 (D. Ariz. June 26, 2023) (concluding that a prisoner does not "have a constitutional right to 'apply' his FSA [time credits] in a specific manner, such as demanding that he be granted prerelease custody or home

5

confinement"), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023); *Bloom v. Fed. Bureau of Prisons*, 2022 WL 341200, at *2 (D.N.J. Feb. 4, 2022) ("prisoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits").

Within the First Step Act, Congress set up five circumstances in which federal inmates serving a sentence for a conviction under the Controlled Substances Act, 21 U.S.C. § 841, would be ineligible for FTCs. *See* 18 U.S.C. § 3632(d)(4)(D)(lviii), (lxv-lxvii). Relevant to Petitioner's claim is § 3632(d)(4)(D)(lxvi), which disqualifies inmates from receiving FTCS if their conviction is under:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide [the chemical name for Fentanyl], or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).

Woods was convicted under 21 U.S.C. §§ 841(a)(1) of distributing a controlled substance containing 40 grams or more of Fentanyl and 10 grams or more of a Fentanyl Analogue. Thus, he is not entitled to habeas relief because he is ineligible under the clear language of § 3632(d)(4)(D)(lxvi) to

receive First Step Act credits. *See Rutherford v. Rardin*, 2026 WL 867501, at \*2 (E.D. Mich. Mar. 30, 2026); *Haamid v. Rardin*, 2025 WL 3277308, at \*2 (E.D. Mich. Oct. 17, 2025); *Payne v. Rardin,* WL 2023001, at \*2 (E.D. Mich. July 18, 2025); *Williams v. Carter*, 2024 WL 3200705, at \*2 (D. Md. June 27, 2024), *appeal dismissed*, 2024 WL 5378330 (4th Cir. Oct. 22, 2024); *Gonzalez v. Eischen*, 2024 WL 4884485, at \*1 (D. Minn. Oct. 17, 2024), *report and recommendation adopted*, 2024 WL 4882737 (D. Minn. Nov. 25, 2024); *DeGollado v. Ray*, 2023 WL 5764285, at \*2 (N.D.W. Va. Aug. 17, 2023), *report and recommendation adopted*, 2023 WL 5751436 (N.D.W. Va. Sept. 6, 2023); *Flores v. Derr*, 2023 WL 4236183, at \*2 (D. Haw. June 28, 2023).

The fact that Woods' judgment of conviction only mentioned 21 U.S.C. § 841(a)(1) and did not specifically mention 21 U.S.C. 841(b)(1) does not preclude the BOP from finding him ineligible to receive First Step Act credits, because his underlying offense involved a controlled substance containing a detectable amount of fentanyl. *See Banks v. Emmerich*, 2025 WL 296545, at \*1 (W.D. Wis. Jan. 24, 2025); *Twyman v. Eischen*, 2023 WL 3293055, at \*5 (D. Minn. Apr. 4, 2023), *report and recommendation adopted*, 2023 WL 3276514 (D. Minn. May 5, 2023).

Woods also argues that he should not be ineligible for FSA credits because he was not a leader or supervisor in the offenses he was convicted of. Woods refers to 18 U.S.C. § 3632(d)(4)(D)(lxviii), which prohibits prisoners who are convicted of fentanyl-related offenses and who were also found at sentencing to have been "an organizer, leader, manager, or supervisor of others in the offense" from receiving FTCs. That provision of the FSA "is irrelevant, because § 3632(d)(4)(D)(lxvi) separately and unambiguously bars Petitioner from receiving FTCs." *Gonzalez v. Eischen*, 2024 WL 4884485, at * 2, n. 2; *See also Rutherford v. Rardin*, 2026 WL 867501, at *2.

However, Woods seeks to circumvent this exclusion by arguing that the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D)(lxvi) to deny him FSA credits is now invalid in light of the Supreme Court's recent decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). *Loper* overruled the Supreme Court's decision in *Chevron v. Nat'l Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984), which had held that a federal agency's interpretation of a federal statute ordinarily is entitled to deference. In *Loper Bright*, the Supreme Court held that a federal court can no longer defer completely to a federal agency's interpretation of the law merely because a statute is ambiguous. *Id.* at 2273.

8

The *Loper Bright* decision does not help Woods because the First Step Act's language is unambiguous that inmates convicted of offenses involving the distribution of any amount of Fentanyl are ineligible to receive FTCs. *Gonzalez v. Eischen*, 2024 WL 4884485, at * 2.

He also seeks to circumvent the caselaw cited above by arguing that the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D)(lxvi) to deny him FSA credits violates the rule of lenity with respect to statutory interpretation. The rule of lenity applies when courts "can make no more than a guess as to what Congress intended" and there is a "grievous ambiguity or uncertainty in the statute." *Muscarello v. United States*, 524 U.S. 125, 138–39 (1998) (cleaned up). However, the rule of lenity is inapplicable because there "is no grievous ambiguity or uncertainty that would render the rule of lenity applicable" regarding the statute in question here. *Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025).

Finally, Woods' argument that the BOP is violating the separation of powers by denying him FSA credits is without merit because he has failed to show that the BOP's decision to not apply his earned credits under the First Step Act to his sentence "was contrary to established federal law, unconstitutional, or exceeded BOP's statutory authority." *See Pasha v. Carter*, 2024 WL 4264904, at *4 (D. Md. Sept. 20, 2024).

9

## IV.      Conclusion

For these reasons, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED WITH PREJUDICE.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Woods need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court **GRANTS** Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

s/Shalina D. Kumar
Honorable Shalina D. Kumar
United States District Judge

Dated: July 22, 2026